JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

ANDREW P. CAPUTO (CSBN 203655)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7004
    Facsimile: (415) 436-7234
    E-mail: andrew.caputo@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 08-0573 SI |
|---|---|---|
| Plaintiff, | ) | [PROPOSED] ORDER OF DETENTION PENDING TRIAL (AS AMENDED) |
| v. | ) | |
| GARY OWENS, JR., | ) | |
| Defendant. | ) | |

    This matter came before the Court on March 11, 2009, for a bail review hearing. The defendant, Gary Owens, Jr., was present and represented by Edward W. Swanson of Swanson, McNamara & Haller. Assistant United States Attorney Drew Caputo appeared for the United States.

    Pretrial Services had submitted a violation memorandum to the Court prior to the hearing, and U.S. Pretrial Services Specialist Victoria Gibson was present at the hearing. The Government requested detention, and defendant opposed. Proffers and arguments regarding

1  detention were submitted by the parties at the hearing.

2  Upon consideration of the facts, proffers and arguments presented, the Court finds by
3  clear and convincing evidence that no condition or combination of conditions will reasonably
4  assure the safety of other persons and the community. Accordingly, the Court concludes that
5  defendant must be detained pending trial in this matter.

6  The present order supplements the Court's findings at the bail review hearing and serves
7  as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

8  The Court makes the following findings as basis for its conclusion that no condition or
9  combination of conditions will reasonably assure the safety of other persons and the community.
10 As documented in the violation memorandum from Pretrial Services, defendant has been
11 involved in two physical altercations with another resident of the halfway house where he has
12 been living. He did not report the first to the pretrial services officer or to the management of the
13 halfway house until management learned of the second incident. The fact that there were two
14 such altercations means that the Court is not presented with an isolated occurrence. The
15 government's proffer provided additional indications that defendant may resort to violence.
16 Those indications include the so-called "trailer case incident" from September 2006, in which a
17 victim reported that defendant and accomplices had imprisoned the victim in a trailer and beaten
18 him seriously with a metal bar, although the charges were dismissed. They also include wiretap
19 evidence indicating defendant's involvement in one or more robberies during the summer of
20 2008. The Court notes that at the time of defendant's two physical altercations with the co-
21 resident of his halfway house, defendant was already on the strictest conditions of release that the
22 Court could fashion. For these reasons, the Court deems defendant to present a risk of danger to
23 other persons and the community that cannot be mitigated adequately by conditions of release.

24 Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

25 1.  Defendant shall surrender to the United States Marshal, 450 Golden Gate Avenue,
26 20th Floor, in San Francisco, by no later than 12:00 p.m. on March 16, 2009;

2

2.    Upon his surrender defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3.    Defendant be afforded reasonable opportunity for private consultation with his counsel; and

4.    On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

Dated: Mar 13, 2009

HONORABLE ELIZABETH D. LAPORTE
United States Magistrate Judge